IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARMC TRANSPORTATION INC., <br><br>　　　　Plaintiff, <br><br> vs. <br><br> PATMOS ENERGY, LLC and JAKE OIL OF UTAH, LLC, <br><br>　　　　Defendants. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 2:08-CV-326TC |

　　　　Plaintiff MarMc Transportation, Inc. (MarMc) filed this suit against Defendant Patmos Energy, LLC (Patmos) alleging Patmos failed to pay MarMc what it owed MarMc for transportation services. Patmos does not deny liability for the debt.

　　　　The court GRANTS MarMc's motion for summary judgment on its claims for breach of contract, unjust enrichment, lien foreclosure and attorney's fees. But the court DENIES MarMc's motion on its claim for breach for the implied covenant of good faith and fair dealing.

## BACKGROUND

　　　　In September of 2007, Patmos hired MarMc to transport a drill rig.[1] MarMc fulfilled its contractual obligations. MarMc submitted an invoice to Patmos in the amount of $109,270.00. Although Patmos did not dispute the accuracy of these charges, it did not pay MarMc. So

---

[1] Patmos does not contest any of MarMc's statement of undisputed fact. Accordingly, those facts are deemed admitted. D. Utah R. 56-1(c).

MarMc filed a "Notice of Oil & Gas Lien" with the Carbon County Recorder on the oil and gas leases owned by Patmos.

Then, in April of 2008, MarMc filed this lawsuit.  In its answer, Patmos denied liability for the amounts in the invoice, alleging the invoice was paid in full.  But in several instances before and after filing the answer, including it its answer to MarMc's request for admissions and in its opposition memorandum to this summary judgment motion, Patmos admitted that it had not paid MarMc for transporting the drilling rig and was liable for the $109,270.00 in the invoice for the transportation of the drilling rig.  The parties made several attempts to resolve this suit through settlement negotiations, but Patmos still has not paid MarMc.

On December 5, 2008, MarMc's counsel sent Patmos a settlement proposal, which included new estimates of interest and attorney's fees, and requested that Patmos pay the amount by December 15, 2008.  When Patmos did not pay, MarMc filed this motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Justice v. Crown Cork & Seal Co., Inc., 527 F.3d 1080, 1085 (10th Cir. 2008).  The court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Seegmiller v. LaVerkin City, 528 F.3d 762, 766 (10th Cir. 2008).

## ANALYSIS

Patmos does not dispute that MarMc is entitled to summary judgment on four claims of the complaint: breach of contract, unjust enrichment, lien foreclosure, and attorney's fees. Patmos only contests MarMc's motion for summary judgment on its claim of breach of the implied covenant or good faith and fair dealing.

"When parties enter into contractual relations, each party impliedly owes the other contracting parties a duty to act in good faith." CIG Exploration, Inc. v. State, 24 P.3d 966, 970-71 (Utah 2001). "Under the covenant of good faith and fair dealing, each party impliedly promises that it will not intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract." Brown v. Moore, 973 P2d 950, 954 (Utah 1998). Whether a party to a contract acted reasonably is an objective question to be determined without considering the party's subjective state of mind." Billings v. Union Bankers Ins. Co., 918 P.2d 461, 465 n.2 (Utah 1996). Whether a party's conduct violates the covenant is a question of fact to be determined by the finder of fact. 23 Richard A. Lord, Williston on Contracts § 63:22 (4th Ed. 2008). The burden of proving a breach of the covenant of good faith and fair dealing is on the plaintiff. Id.

Because the issue of good faith is a question of fact, MarMc must show that a reasonable jury could not conclude that Patmos acted with good faith. MarMc has not meet this burden. The Restatement (Second) of Contracts, defines "good faith" as it is used in the covenant by reference to the standards put forth in the Uniform Commercial Code:

> Good faith is defined in Uniform Commercial Code § 1-201(19) as "honesty in fact in the conduct or transaction concerned." "In the case of a merchant" Uniform Commercial Code § 2-103(1)(b) provides that good faith means "honesty in fact

3

and the observance of reasonable commercial standards of fair dealing in the trade."

Restatement (Second) of Contracts § 205 cmt. a (1981). Failure to pay the amount promised due to insufficient funds, absent any other behavior showing bad faith is insufficient. Accordingly, the motion for summary judgment on the claim for breach of the implied covenant of good faith and fair dealing is denied.

**ORDER**

For the foregoing reasons, MarMc's motion for summary judgment is GRANTED on its claims for breach of contract, unjust enrichment, lien foreclosure and attorney's fees. Patmos does not dispute that the amount it owes on the contract is $109,270; the applicable interest is $12,064.61; and the appropriate attorney's fees are $22,570.59. Judgment is therefore entered in the amount of $143,905.20.

DATED this 21st day of April, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge